WARNER, J.,
dissenting.
I dissent, as I do not think any evidence supported a finding that appellant Castro’s violation of the technical reporting requirements was willful or substantial. He was taken into custody by INS when he reported to his probation officer in 1998. Prior to that time, he had not violated his probation and had regularly reported. The notes in the probation file indicated that the file had been converted to a non-reporting status.
Unfortunately for Castro, the probation officer to whom he was assigned died. His next probation officer was assigned in September 1998 but only continued to contact INS as to Castro’s status. He did not attempt to contact Castro. When INS finally reported to the officer in August 2000 that Castro had been released in 1998, the officer contacted Castro at his address. Castro came in just a few days later and explained that his parents had been told that he did not have to report as long as he was an INS case.
As the probation file itself contained a notation that the case had become a non-reporting case, I see no evidence that Castro committed a willful violation of proba *1257 tion. Obviously, the probation officer believed that Castro would not be reporting; otherwise, the notation in his file would not have been made. Castro reported promptly when notified by the probation officer.
I see no other conclusion from this evidence than that this case was the result of a misunderstanding due to his INS case. While the trial, judge’s finding will not be reversed on appeal when supported by the evidence, see Riggins, 830 So.2d at 921, I do not find any of the evidence presented proved, either directly or .circumstantially, a willful violation of probation.